Case 5:26-cv-00029   Document 3   Filed 01/12/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ELBERTH IMANEL SUAREZ-LUGO,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00029 |
| § | |
| **PAM BONDI,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Pending before the Court is Elberth Imanel Suarez-Lugo's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1). Petitioner lists the following as respondents in their official capacities: Warden of the Rio Grande Processing Center; Director of United States Immigration and Customs Enforcement, Todd Lyons; Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement; U.S. Secretary of Homeland Security Kristi Noem; and U.S. Attorney General Pamela Bondi. (Dkt. 1 at 1.)

Having reviewed the Petition, Respondents are hereby **ORDERED** to submit a response and serve it on Petitioner no later than **January 20, 2026,** which is between the three-to-twenty-day time period contemplated by 28 U.S.C. § 2243. Petitioner is **ORDERED** to submit a reply to Respondents Response on or before **January 23, 2026**.

Additionally, on November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025):

> **Bond Eligible** Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to

detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. The Central District of California extended to the Bond Eligible Class as a whole the declaratory relief it had previously granted: that the Department of Homeland Security Policy of mandatory detention for all applicants for admission under § 1225 is unlawful. *Maldonado Bautista*, 2025 WL 3288403, at *9. On December 18, 2025, the *Maldonado Bautista* court entered a final judgment. *Maldonado Bautista et al v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Id*. In light of this development, the Court hereby **ORDERS** the parties to address in their response and reply briefing: (1) whether Petitioner is a member of the nationally certified Bond Eligible Class; and (2) what affect if any the declaratory relief granted in *Maldonado Bautista v. Santacruz* has on Petitioner's claims before the Court.

The Clerk of Court is **DIRECTED** to serve copies of the Petition, (Dkt. 1), and this Order on Respondents via certified mail.

Respondent U.S. Department of Homeland Security Secretary Kristi Noem or her designee may be served at:

**U.S. Department of Homeland Security**
**Office of General Counsel**
**245 Murray Lane SW**
**Mail Stop 0485**
**Washington, D.C. 20528**

Respondent Attorney General Pamela Bondi or her designee may be served at:

**United States Attorney General**
**950 Pennsylvania Avenue NW**
**Washington, D.C. 20530**

Respondent Acting Director of U.S. Immigration and Customs Enforcement Todd Lyons or his designee may be served at:

**Acting Director of Immigration and Customs Enforcement**
**500 12th Street SW**
**Washington, D.C. 20536**

Respondent Field Office Director for U.S. Immigration and Customs Enforcement, Sylvester Ortega, or his designee may be served at:

**Field Office Location**
**1777 NE Loop 410**
**Floor 15**
**San Antonio, TX 78217**

Respondent Warden of the Rio Grande Processing Center or his designee may be served at:

**RIO GRANDE PROCESSING CENTER**
**1001 SAN RIO BOULEVARD**
**LAREDO, TX 78046**

The Clerk of Court is also **DIRECTED** to serve a copy of the Petition, (Dkt. 1), and this Order via certified mail on the United States Attorney for the Southern District of Texas Nicholas J. Ganjei at:

**Nicholas J. Ganjei**
**1000 Louisiana St.,**
**Suite 2300,**
**Houston, Texas 77002**

The Clerk is also **DIRECTED** to serve a copy of the Petition, (Dkt. 1), and this Order via certified mail on the United States Attorney's Office in Laredo at:

**United States Attorney's Office**
**11204 McPherson Road, Suite 100A**
**Laredo, Texas 78045**

The Clerk is also DIRECTED to e-mail a copy of the Petition, (Dkt. 1), and this Order to the following email addresses: usatxs.civilnotice@usdoj.gov as well as Hector.Ramirez@usdoj.gov.

Additionally, in order to maintain the status quo while the Court considers Petitioner's habeas petition and to preserve this Court's jurisdiction, it is further **ORDERED** that Respondents may not transfer Petitioner outside of this Court's jurisdiction while the matter remains pending. *See Alves v. U.S. Dep't of Just.*, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

IT IS SO ORDERED.

SIGNED this January 12, 2026.

_____
Diana Saldaña
United States District Judge